******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* RUSSELL PEELER
(SC 18125)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald,
Espinosa and Robinson, Js.

*Argued January 7—officially released May 26, 2016\**

*Mark Rademacher*, assistant public defender, with whom was *Lisa J. Steele*, for the appellant (defendant).

*Harry Weller*, senior assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, chief state's attorney, *John C. Smriga*, state's attorney, *Jonathan Benedict*, former state's attorney, *Susan C. Marks*,

supervisory assistant state's attorney, *Marjorie Allen Dauster* and *Joseph Corradino*, senior assistant state's attorneys, and *Matthew A. Weiner*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. A jury found the defendant, Russell Peeler, guilty of, among other things, one count of capital felony in violation of General Statutes (Rev. to 1999) § 53a-54b (8) and one count of capital felony in violation of General Statutes (Rev. to 1999) § 53a-54b (9) in connection with the 1999 shooting deaths of a woman and her young son, and, following a capital sentencing hearing, the trial court, *Devlin, J.*, rendered judgment imposing two death sentences.[1] This appeal of the defendant's death sentences is controlled by *State* v. *Santiago*, 318 Conn. 1, 122 A.3d 1 (2015), in which a majority of this court concluded that, following the enactment of No. 12-5 of the 2012 Public Acts (P.A. 12-5), executing offenders who committed capital crimes prior to the enactment of P.A. 12-5 would offend article first, §§ 8 and 9, of the Connecticut constitution. See, e.g., *Conway* v. *Wilton*, 238 Conn. 653, 658–62, 680 A.2d 242 (1996) (explaining scope of and rationale for rule of stare decisis). Our conclusion that the defendant's death sentences must be vacated as unconstitutional in light of *Santiago* renders moot the defendant's other appellate claims.

The judgment is reversed with respect to the imposition of two sentences of death and the case is remanded with direction to impose a sentence of life imprisonment without the possibility of release on each capital felony count; the judgment is affirmed in all other respects.

In this opinion ROGERS, C. J., and PALMER, EVELEIGH, McDONALD and ROBINSON, Js., concurred.

* May 26, 2016, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

This case originally was argued before the same panel of justices on July 10, 2014. This court granted the state's request for supplemental argument on November 30, 2015, which was heard on January 7, 2016.

[1] The facts and procedural history of the case are presented more fully in *State* v. *Peeler*, 271 Conn. 338, 343–57, 857 A.2d 808 (2004), cert. denied, 546 U.S. 845, 126 S. Ct. 94, 163 L. Ed. 2d 110 (2005).